IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Rug & Home, Inc., | ) | C/A No. 7:05-368-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| vs. | ) | |
| | ) | |
| Rugs International LLC, | ) | |
| 123Rugs.com LLC, | ) | |
| Daisy Outdoor Advertising, Inc., and | ) | |
| Jodean Lemmons, Jr. an individual, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Rug & Home, Inc.'s ("Rug & Home") motion to voluntarily dismiss this action without prejudice against Rugs International LLC, 123Rugs.com LLC, Daisy Outdoor Advertising, Inc., and Jodean Lemmons, Jr. (collectively "defendants") under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rugs International LLC, 123Rugs.com LLC, and Jodean Lemmons, Jr. (collectively "opposing defendants")[1] oppose Rug & Home's motion, alleging that this action should be dismissed with prejudice. In the alternative, the opposing defendants request an award of costs and attorney fees if the court dismisses this action without prejudice.

Rug & Home alleges in its complaint that the defendants erected a billboard that infringed on Rug & Home's blue billboard trade dress. (Compl. ¶¶ 1, 18.) However, the defendants have taken down the allegedly infringing billboard. Because the defendants have

---

[1] Daisy Outdoor Advertising, Inc. consents to dismissal without prejudice.

1

removed the billboard, Rug & Home seeks to voluntarily dismiss this action without prejudice.

"A plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). The opposing defendants allege that they have suffered substantial prejudice because they have incurred substantial costs and attorney fees in defending this action to date. Kyte v. Coll. of S. Maryland, No. DKC 2003-2558, 2005 WL 396306 at *1 (D. Md. Feb. 18, 2005) (unpublished). Four factors that the court can consider in deciding a motion to voluntarily dismiss an action are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." Id. After consideration of these factors, the court finds that because this litigation is still in the early stages of discovery, the opposing defendants have not suffered substantial prejudice.

In addition, an award of attorney fees and costs is not appropriate because any information obtained through discovery and legal research "could . . . be used again in a future suit" regarding Rug & Home's allegedly distinctive billboard. Id. (noting that when a case is voluntarily dismissed, fees are not generally awarded for work that could be used in a future suit); see also Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987). Therefore, after consideration, the court finds that this action should be dismissed without prejudice. Further, the court declines to award attorney fees and costs to the opposing defendants.

Therefore, it is

**ORDERED** that Rug & Home's motion to voluntarily dismiss this action without prejudice, Document number 51, is granted.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
September 21, 2005